UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMOS,<br><br>                                Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., ET AL.,<br><br>                                Defendants. | Case No.:  22cv2077-LL-VET<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>[ECF No. 35] |

Before the Court is Todd Friedman's Motion to Withdraw as Counsel for Plaintiff Daniel Ramos. ECF No. 35. Plaintiff's current counsel, Todd Friedman, attests that he and his client "have had a complete breakdown of the attorney-client relationship due to a lack of communication and disagreements, and neither [him] nor [his] firm, can continue to represent him." ECF No. 35-2 ¶ 3. Mr. Friedman attests that Plaintiff Mr. Ramos was notified of the firm's intent to withdraw as his counsel since May 29, 2024, and that Plaintiff has been advised to seek new counsel to represent him in this matter. *Id.* ¶ 4. This matter is currently in arbitration proceedings under Arbitrator Kirk D. Yake. On June 5, 2024, Arbitrator Yake approved Plaintiff's counsel motion to withdraw in the arbitration proceeding. ECF No. 35-2, Exhibit 1. Arbitrator Yake gave Plaintiff a deadline of

1

November 19, 2024 to find new counsel or represent himself in this matter. ECF No. 35-2 ¶ 8.

"An attorney may not withdraw as counsel except by leave of court." *Lopez v. Global Bus. Consultants.*, No. 20-cv-1281-AJB (LL), 2021 WL 148064, at *1 (S.D. Cal Jan. 15, 2021) (citing *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992)). A motion for leave to withdraw as counsel must be supported by a showing of "good cause." *Id*. Courts consider the following when determining whether good cause exists: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id*. (citing *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008)) (internal quotation marks omitted).[1]

Based on Plaintiff's attestation that he has had a complete breakdown of the attorney-client relationship due to a lack of communication and disagreements with Mr. Ramos, "it is not reasonable to require counsel to continue in an unwanted fiduciary relationship," because effective representation requires that "counsel must be able to communicate with the client, have the trust of the client, act in the best interests of the client, and guide and persuade the client to act in manner that is consistent with its legal obligations and that advances its best interests." *Lehman Bros. Holdings, Inc. v. PMC Bancorp,* No. LACV1007207JAKPJWX, 2017 WL 4071384, at *2 (C.D. Cal. July 26, 2017). Accordingly, "[w]here there is a complete breakdown in the attorney-client relationship, a request to withdraw is commonly granted." *Id.* (citation omitted).

---

[1] Civil Local Rule 83.3.f.3 requires that the motion to withdraw as counsel be served on the opposing party and on the moving attorney's client, and that a declaration regarding such service be filed with the motion. Plaintiff's Counsel's motion complied with these procedural requirements. *See* ECF No. 35-2.

|   |   |
|---|---|
| 1 | The Court finds that the breakdown in the attorney-client relationship between Mr. Friedman and Mr. Ramos warrants Mr. Friedman's and his firm's withdrawal as counsel. No prejudice to other litigants is apparent. Good cause appearing, the Court **GRANTS** the Motion. The Law Offices of Todd M. Friedman, P.C. are hereby **WITHDRAWN** as counsel for Plaintiff. Mr. Friedman is **DIRECTED** to serve a copy of this Order on Plaintiff on or before **December 2, 2024**. |

On or before **December 9, 2024**, Plaintiff, Mr. Ramos, and Defendant Citibank, N.A. ("Citibank") are ordered to submit a joint status report to update the Court on the status of the arbitration proceedings as Arbitrator Yake gave Plaintiff a November 19, 2024 deadline to find new counsel or represent himself in the matter. The joint status report shall inform the Court regarding whether Plaintiff intends to represent himself in this matter or has secured counsel. If Plaintiff has elected to represent himself, he must include in the joint status report his mailing address and telephone number for inclusion in the Court's CM/ECF docketing system. If Plaintiff has secured counsel, his counsel shall file a notice of appearance in this case on or before **December 9, 2024**.

**IT IS SO ORDERED**.

Dated:  November 20, 2024

Honorable Linda Lopez
United States District Judge